# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA VALENTIN, JOEL VALENTIN, and GRACE GABLE MANOIRS, LLC,<br><br>    Plaintiffs,<br><br>    v.<br><br>TOWN OF NATICK, PLANNING BOARD OF THE TOWN OF NATICK, TERESA EVANS in her official capacity as planning board member for the Town of Natick, ANDREW MEYER in his official capacity as planning board member for the Town of Natick, JULIAN MUNNICH in his official capacity as planning board member for the Town of Natick, GLEN GLATER in his official capacity as planning board member for the Town of Natick, PETER NOTTONSON in his official capacity as planning board member for the Town of Natick, NATICK HISTORICAL COMMISSION, and STEPHEN EVERS, in his official capacity as Chair of the Natick Historical Commission,<br><br>    Defendants. | Case No. 1:21-cv-10830-PBS<br><br>Judge Patti B. Saris |

## AFFIDAVIT OF MICHAEL G. ALLEN

1. I declare the following under penalty of perjury.

2. I am a Partner at Relman Colfax PLLC (the "Firm"), and I am licensed to practice in the District of Columbia and Virginia.

3. I was counsel for Plaintiffs Linda Valentin, Joel Valentin, and Grace Gable Manoirs, LLC (together, "Plaintiffs") when this matter was initiated, and I am admitted pro hac vice in the above-captioned action.

4. I submit this Affidavit in support of the Firm's Motion to Enforce Attorneys' Fees Lien.

5. The Firm entered into a written engagement agreement with Plaintiffs on March 14, 2021. The agreement is attached as Exhibit A. Under the terms of the retainer, Plaintiffs agreed to compensate the Firm time on an hourly basis.

6. The Firm charged Plaintiffs hourly rates based on position as follows: $650 for Partners, $450 for Senior Associates, $300 for Junior Associates, and $150 for Paralegals and Interns. The rates in the engagement agreement reflected a discount of up to 41% off the Firm's standard 2023 rates, which are reasonable market rates for the Washington, D.C. area.

7. The retainer also provided "that, in the event relief is obtained through settlement . . ., the Firm is entitled to seek and take all reasonable steps to secure any unpaid attorneys' fees and costs."

8. The Firm sent Plaintiffs detailed invoices, each of which included a detailed chronology that identified, on a day-by-day basis, each attorney, paralegal, and intern who had performed work on the case; described the nature of the work performed; and reported the time taken in performing it. The invoices were prepared shortly following the end of each calendar month and were, through the end of 2023, promptly transmitted to Plaintiffs.

9. Because of the ongoing breakdown of the attorney–client relationship between the Firm and Plaintiffs, the Firm has not yet issued an invoice for the work performed between January 1, 2024 and January 16, 2024. The Firm informed Plaintiffs on February 21, 2024 that their arrearage was more than $800,0000, which included the $124,133.24 in fees and costs incurred between January 1, 2024 and January 16, 2024.

10. Other than attempts in late 2023 and early 2024 to resolve a dispute over nonpayment of fees and expenses, the Firm has not agreed to terms different than those set forth in the retainer agreement. Plaintiffs fell behind in their payments in the spring and summer 2022, and I

repeatedly reminded them that they had to bring their account current. Thereafter, Plaintiffs made partial payments, but they did not come current.

11.  Over the course of the Firm's representation of Plaintiffs, the Firm accrued a total of $1,183,122.136 in fees and costs through January 16, 2024 (the date the parties agreed to a settlement in principle).

12. The Firm is prepared to file copies of its monthly statements from the beginning of the case through January 16, 2024, should the Court so order, but it will consult with Plaintiffs and their counsel prior to doing so.

13. Plaintiffs have paid the Firm a total of $311,199.86 and have an outstanding balance of $871,922.27.

14. A significant portion of the outstanding balance is due to the Firm's work preparing for trial before the Parties agreed to settle. The Firm identified 316 potential trial exhibits out of a universe of tens of thousands of documents from Plaintiffs, Defendants, and third parties. The Firm also identified 29 potential witnesses, designated deposition testimony for four witnesses, and conducted preliminary witness interviews. The Firm then reviewed and interposed objections to Defendants' 105 trial exhibits as well as Defendants' proposed witnesses and deposition designations.

15. The Firm's other work on the case included prevailing on Defendants' motions to dismiss and motion for summary judgement; overcoming Defendants' motion to quash the subpoena of Natick Town Counsel, Karis North; reviewing tens of thousands of documents from Defendants and various third parties; taking and defending ten depositions; and participating in several settlement conferences.

16. As a result of the Firm's thorough and successful advocacy on behalf of Plaintiffs, the Parties agreed to settle the case for $1.6 million, which I understand to be one of the largest fair housing settlements in the First Circuit.

EXECUTED WITHIN THE UNITED STATES ON:

April 8, 2024

Respectfully submitted,

                                              */s/ Michael Allen*
                                              Michael Allen
                                              *Admitted pro hac vice*

# EXHIBIT A

**RELMAN COLFAX** PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
202.728.1888
www.relmanlaw.com

**PRIVILEGED AND CONFIDENTIAL**

March 14, 2021

Joel and Valentin
8 Nancy Road
Natick, Massachusetts 01760

Dear Mr. and Mrs. Valentin:

    We are pleased that you Linda Valentin, Joel Valentin and Grace Gable Manoirs, LLC ("Clients") have engaged Relman Colfax PLLC ("Firm") to provide legal services in connection with the litigation of claims that are described more fully below. The purpose of this letter is to set forth our mutual understanding with respect to the provision of legal services and the basis upon which our fees and related expenses will be charged and paid.

**Terms of Representation**

    We agree to represent the Clients with respect to claims under the Fair Housing Act and any related laws we deem appropriate against the Town of Natick, Massachusetts and any other related persons or entities we deem appropriate ("Defendants"), regarding Defendants' discriminatory actions involving your attempt to develop a condominium project at 50 Pleasant Street in Natick, Massachusetts (the "Matter"). You have also retained Todd & Weld LLP as lead counsel, and the Firm will enter into a co-counsel agreement with that firm concerning the Matter.

    Our representation of you will be limited to the Matter only. The Firm will also consider representing you in connection with any appeal of any court decision in the Matter, but does not agree to undertake such representation at this time. While we would be pleased to consider representing you on additional matters as they may arise from time to time, we must approve each such matter separately.



RELMAN COLFAX PLLC

Joel Valentin
Linda Valentin
March 14, 2021
Page 2 of 4

---

**Attorneys' Fees and Costs**

    **1. Attorneys' Fees**

The Clients shall be responsible for, and agrees to reimburse the Firm, on a monthly basis, its attorney fees lodestar (calculated as described below) expended in connection with this Matter. Clients will deposit a prepaid retainer fee of Ten Thousand Dollars ($10,000), against which the Firm will bill. Thereafter, the Firm will send a monthly invoice to Clients detailing the attorneys' fees, which will be due and payable upon receipt.

The Firm's "lodestar" amount reflects the number of hours worked multiplied by the Firm's regular hourly rate for the work performed. The rates for the Firm attorneys currently assigned to the Matter are as follows:

| | |
|---|---|
| Partners | $650 |
| Senior Associates | $450 |
| Junior Associates | $300 |
| Paralegals/Interns | $150 |

The Clients agree that the Firm is entitled to its reasonable attorneys' fees and costs as described below. Clients further agree that, in the event relief is obtained through settlement or judgment, the Firm is entitled to seek and take all reasonable steps to secure any unpaid attorneys' fees and costs from Defendants. In the event attorneys' fees and/or costs are awarded or settled, Clients agree to and by this agreement do hereby assign to the Firm any such fees and costs that have not been previously paid by the Clients. The Clients also agree that Defendants shall pay any such fees and costs directly to Firm.

    **2.    Costs**

The Clients shall be responsible for, and agree to reimburse the Firm for out-of-pocket expenses ("costs") incurred in connection with this Matter. Costs include but are not limited to duplicating costs, telephone charges, postage, travel, computer research, filing fees, deposition costs, expert costs, and the like. The Firm will send a monthly invoice to Clients detailing the costs expended in the matter, which will be due and payable upon receipt.

<->



**RELMAN COLFAX** PLLC

Joel Valentin
Linda Valentin
March 14, 2021
Page 3 of 4

_____

The Clients acknowledge that if the Firm's representation of the Clients terminates for any reason, the Firm is entitled, under the terms provided herein, to reimbursement of the attorneys' fees and costs expended in the Matter prior to the termination.

**Right to Withdraw from Representation**

The Clients understand that the Firm has agreed to provide legal representation in the Matter because the Firm believes, on the basis of the facts now known, that the case raises important civil rights issues affecting both the Clients and other persons protected by the civil rights laws. The Clients further understand that the Firm reserves the right to withdraw from further representation in connection with the Matter, consistent with the Rules of Professional Conduct.

**Choice of Law**

This Retainer Agreement shall be governed in accordance with the laws of the District of Columbia without regard to the conflict of laws provisions thereof.

**Signatures**

This agreement between the Clients and the Firm is not set by law, but is negotiable between the Firm and the Clients. If the terms of the engagement are acceptable to you, please sign the agreement below.

Once again, we are very pleased that you have engaged Relman Colfax in this matter.

Sincerely,

RELMAN COLFAX

By: *Michael Allen*



**RELMAN COLFAX** PLLC

Joel Valentin
Linda Valentin
March 14, 2021
Page 4 of 4

_____

ACCEPTED AND AGREED TO:

By: _____  Date: 3-14-21

By: _____  Date: 3/14/21

By: Grace Gabe Manners  Date: 3/14/21 .
Joel + Linda Pon